UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL RICHARD GIGLIO,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MONSANTO COMPANY and JOHN DOES 1-50,<br><br>　　　　　　　　　Defendant. | Case No.:  15cv2279 BTM(NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Defendant Monsanto Company has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons discussed below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

On October 9, 2015, Plaintiff commenced this action.  Plaintiff, who owned and operated a turf installation business, alleges that as a direct and proximate result of being exposed to Roundup, he developed non-Hodgkin's Lymphoma. Plaintiff maintains that Roundup and/or glyphosate (the active ingredient in Roundup) is defective, dangerous to human health, unfit and unsuitable to be marketed and sold in commerce, and lacked proper warnings and directions as to

the dangers associated with its use.  (Compl. ¶ 2.)  Plaintiff contends that Defendant engaged in negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, advertising, distribution, labeling, and/or sale of the herbicide Roundup containing glyphosate.  (Compl. ¶ 1.)

Plaintiff asserts the following claims:  (1) negligence; (2) strict products liability – design defect; (3) strict products liability – failure to warn; (4) breach of express warranty; (5) breach of implied warranty; and (6) negligent misrepresentation.

## II.  DISCUSSION

Defendant seeks dismissal of Plaintiff's failure to warn claims, non-warnings design defect claims, negligent misrepresentation claim, and express warranty claim.  As discussed below, the Court denies Defendant's motion as to Plaintiff's claims for failure to warn the public and non-warnings design defect claims, but grants the motion as to Plaintiff's claims for failure to warn the EPA, negligent misrepresentation claim, and express warranty claim.

A. <u>Failure to Warn Claims</u>

Defendant contends that Plaintiff's claims for failure to warn the public about the dangers of Roundup are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 <u>et seq.</u>, as well as EPA's "repeated determination that glyphosate does not cause cancer."  The Court disagrees.

Under FIFRA, a manufacturer seeking to sell a pesticide must apply for registration of the pesticide.  7 U.S.C. § 136a(a).  In applying for registration, the manufacturer must supply certain information, including a copy of the labeling of the pesticide, a statement of all claims to be made for it, and any directions for its use.  7 U.S.C. § 136a(c)(1)(C).  The EPA will register a pesticide if it determines

that, among other things, "it will perform its intended function without unreasonable adverse effects on the environment," and "its labeling and other material required to be submitted" comply with the requirements of FIFRA. 7 U.S.C. § 136a(c)(5)(B),(C). Registration of a pesticide constitutes "prima facie evidence that the pesticide, its labeling and packaging comply with the registration provisions of the subchapter." 7 U.S.C. § 136a(f)(2).

Section 136v provides:

(a) In general

A State may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.

(b) Uniformity

Such State shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under this subchapter. . . .

Defendant argues that § 136v(b) preempts Plaintiff's failure to warn claims because the EPA registered Roundup containing glyphosate. However, Defendant overstates the reach of § 136v(b) preemption.

In Bates v. Dow Agrosciences LLC, 544 U.S. 431 (2005), the Supreme Court explained that for a state rule to be preempted under § 136v(b), it must satisfy two conditions (1) it must be a requirement "*for labeling or packaging*"; and (2) it must impose a labeling or packaging requirement that is "*in addition to or different from* those required under this subchapter." Id. at 444 (emphasis in original). Section 136v(b) does not preempt state rules that are fully consistent with federal requirements. Id. at 452.

Under FIFRA, a pesticide is "misbranded" if its label contains a statement that is "false or misleading in any particular," does not contain adequate

instructions for use, or omits necessary warnings or cautionary statements. 7 U.S.C. § 136(q)(1)(A), (F), (G). It is unlawful under the statute to sell a pesticide that is registered but misbranded. 7 U.S.C. § 136j(a)(1)(E). Therefore, "manufacturers have a continuing obligation to adhere to FIFRA's labeling requirements." Bates, 544 U.S. at 438. Manufacturers may seek approval to amend their labels (§ 136a(f)(1)) and have a duty to report incidents involving toxic or adverse effects of the pesticide that may not be reflected in the label's warnings (40 C.F.R. § 159.184). Id. at 438-39. Although registration is prima facie evidence that the pesticide and its labeling and packaging comply with FIFRA's requirements, "[i]n no event shall registration of an article be construed as a defense for the commission of any offense under this subchapter." 7 U.S.C. § 136a(f)(2).

In Bates, the Supreme Court remanded the issue of whether petitioners' fraud and failure to warn claims under Texas law were preempted by § 136v(b). The Court explained that the claims would survive preemption if the state-law requirements were equivalent to FIFRA's misbranding standards:

> In undertaking a pre-emption analysis at the pleadings stage of a case, a court should bear in mind the concept of equivalence. To survive pre-emption, the state-law requirement need not be phrased in the identical language as its corresponding FIFRA requirement; indeed, it would be surprising if a common-law requirement used the same phraseology as FIFRA. If a case proceeds to trial, the court's jury instructions must ensure that nominally equivalent labeling requirements are genuinely equivalent. If a defendant so requests, a court should instruct the jury on the relevant FIFRA misbranding standards, as well as any regulations that add content to those standards. For a manufacturer should not be held liable under a state labeling requirement subject to § 136v(b) unless the manufacturer is also liable for misbranding as defined by FIFRA.

Id. at 454.

Here, Plaintiff essentially argues that Defendant failed to warn consumers

that Roundup is carcinogenic. Failure to include a warning regarding known carginogenic properties of a pesticide would constitute misbranding under § 136(q)(G). Therefore, it seems that Plaintiff's failure to warn claims do not impose a labeling or packaging requirement that is "*in addition to or different from*" those required under FIFRA, and are not preempted. See Golden Wolf Partners v. BASF Corp., 2010 WL 5173197, at *9 (E.D. Cal. Dec. 13, 2010) (holding that plaintiffs' failure to warn claims were not preempted by FIFRA because they were consistent with FIFRA's prohibitions against misbranding); Adams v. United States, 622 F. Supp. 2d 996, 1010 (D. Idaho 2009) (rejecting argument that FIFRA preempted state claims: "Indeed, the Court's own examination shows that plaintiffs' claims appear to track FIFRA by alleging that the labels omit necessary warnings, do not contain adequate instructions, and are misleading.").

Defendant argues that Roundup in fact is not carcinogenic and that the EPA has made determinations that this is the case. However, a motion to dismiss is not the proper vehicle to delve into the import of EPA classifications or what EPA representatives have said in the past, what information they were relying on, and what effect their statements have on the issues before the Court.

Although the Court finds that Plaintiff's claims regarding failure to warn the public or consumers about the risks of using Roundup are not preempted by FIFRA, Plaintiff's claims based on failure to warn the EPA of dangers of Roundup are preempted. In Nathan Kimmel, Inc. v. Dowelanco, 275 F.3d 1199 (9th Cir. 2002), the Ninth Circuit held that the plaintiff's claim for intentional interference with prospective business advantage was impliedly preempted by FIFRA because the claim was based on alleged fraud-on-the-EPA and abuse of the labeling process. The Ninth Circuit explained that FIFRA expressly forbids falsification of information and empowers the EPA to take enforcement actions against registrants who violate any provision of FIFRA. Id. at 1205-06. Relying on Buckman Co. v. Plaintiff's LegalComm., 531 U.S. 341 (2001), the Ninth Circuit reasoned that

allowing fraud-on-the EPA claims under state law would interfere with the EPA's province of balancing difficult and often competing, statutory objectives:

> In reaching our conclusion today we are cognizant of the potential problems inherent in allowing a state court (or a federal court interpreting state law) to ascertain the propriety of disclosures made by an applicant to a federal agency in response to the mandates of federal legislation. In particular, we are troubled that an applicant's disclosures under FIFRA, although not challenged by the EPA (the very agency empowered by Congress to enforce FIFRA), may be judged illegal under state law. Such an approach would force FIFRA applicants to ensure that their disclosures to the EPA would satisfy not only the standards imposed by that agency under federal law, but also the potentially heterogeneous standards propounded by each of the 50 States. Such a holding would in turn motivate potential applicants under FIFRA to "submit a deluge of information that the [EPA] neither wants nor needs, resulting in additional burdens on the [EPA's] evaluation of an application." Id. at 351, 121 S.Ct. 1012. This outcome would needlessly drain the EPA of its limited resources, thereby detracting from its ability to efficiently enforce FIFRA.

Id. at 1207.

The Complaint alleges that Defendant negligently failed to adequately warn the EPA of the dangers of Roundup and concealed information from and/or misrepresented information to the EPA concerning the severity of the risks and dangers of Roundup compared to other forms of herbicides.  (Compl. ¶ 124.f, g.) Under Kimmel, these claims, which are directly based on the propriety of disclosures made by Defendant to the EPA, are preempted by FIFRA.

B. Non-Warnings Design Defect Claims

Defendant argues that Plaintiff's design defect claims are premised on the "inherently and unavoidably dangerous" nature of glyphosate and Roundup. Therefore, Defendant reasons, Plaintiff's design defect claims are governed by comments j and k to the Restatement (Second) of Torts § 402A, and Plaintiff is limited to claims that warnings accompanying the product are deficient.  The Court

disagrees.

Comment k explains that especially in the field of drugs, there are some products which are incapable of being made safe for their intended and ordinary use. "The seller of such products, again with the qualification that they are properly prepared and marketed, and proper warning is given, where the situation calls for it, is not to be held to strict liability for unfortunate consequences attending their use, merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk."  Comment j explains that in order to prevent a product from being unreasonably dangerous, the seller may be required to provide directions or warnings that the seller may reasonably assume will be read and heeded.

California courts have applied comment k to prescription drugs and medical devices only.  See, e.g., Brown v. Superior Court, 44 Cal.3d 1049 (1988) (prescription drugs); Artiglio v. Superior Court, 22 Cal. App. 4th 1388 (1994) (implanted medical devices).  To the extent that comment k could be applied to pesticides, the determination of whether the application of comment k is warranted would be based on the particular product in question.  In Ruiz-Guzman v. Amvac Chemical Corp., 141 Wash.2d 493, 509-11 (2000), cited by Defendant, the Supreme Court of Washington reasoned that a product-by-product approach to the application of comment k is appropriate and that "the trier of fact should determine a pesticide's value to society relative to the harm it causes."

Accordingly, it would be improper to apply comment k on a motion to dismiss. Therefore, the Court denies Defendant's motion to dismiss as to the design defect claims.

C. Negligent Misrepresentation

Defendant moves to dismiss Plaintiff's negligent misrepresentation claim on the ground that Plaintiff fails to identify the alleged misrepresentations with

specificity as required by Fed. R. Civ. P. 9(b).

The Ninth Circuit has not yet ruled on whether a claim of negligent misrepresentation is subject to the heightened pleading standard of Rule 9(b). District courts within this circuit disagree regarding whether Rule 9(b) applies to negligent misrepresentation. See Gilmore v. Wells Fargo Bank N.A., 75 F. Supp. 3d 1255, 1269-70 (N.D. Cal. 2014) (listing cases applying Rule 9(b) to negligent misrepresentation cases as well as those declining to do so). This court falls within the majority of the district courts in California that consider negligent misrepresentation a species of fraud and apply Rule 9(b). See Edu-Science (USA) Inc., v. Intubrite LLC, 2014 WL 794962, at *2 n. 1 (S.D. Cal. Feb. 27 2014).

The Complaint generally alleges negligent misrepresentations made by Defendant (Compl. ¶¶ 210-213) but does not include the "who, what, when, where, and how" of the misrepresentations. See Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). Accordingly, the Court grants Defendant's motion to dismiss as to Plaintiff's negligent misrepresentation claim.

D. Express Warranty

Defendant moves to dismiss Plaintiff's express warranty claim on the ground that Plaintiff has failed to allege facts demonstrating that the statements at issue formed the "basis of the bargain." The Court agrees that dismissal of this claim is warranted.

Cal. Com. Code § 2313 defines an express warranty as any "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain" or "any description of the goods which is made part of the basis of the bargain." Reliance need not be shown to prevail on a claim of breach of express warranty. Weinstat v. Dentsply Int'l, Inc., 180 Cal. App. 4th 1213, 1227-1231 (2010). However, to establish that the defendant's statement formed the "basis of the bargain," the plaintiff must allege facts showing

1  the plaintiff was *exposed* to the statement at the time of purchase of the product.
2  See T&M Solar and Air Conditioning v. Lennox Int'l Inc., 83 F. Supp. 3d 855, 876
3  (N.D. Cal. 2015); Tasion Commc'n, Inc. v. Ubiquiti Networks, Inc., 2014 WL
4  2916472, at * 10 (N.D. Cal. June 26, 2014).

5  The Complaint points to two statements in support of Plaintiff's express warranty claim: (1) a statement on Monsanto's website that "[r]egulatory authorities and independent experts around the world have reviewed numerous long-term/carcinogenicity and genotoxicity studies and agree that there is no evidence that glyphosate, the active ingredient in Roundup brand herbicides and other glyphosate-based herbicides, causes cancer, even at very high doses, and that it is not genotoxic"; and (2) a statement that Roundup is "safer than table salt" and "practically nontoxic."

As for the first statement, Plaintiff does not allege that he ever looked at Monsanto's website prior to purchase of Roundup.[1]  With respect to the second statement, Plaintiff does not say who made the statement or when it was made. More importantly, Plaintiff does not allege that he heard, read, or otherwise knew about the statement.

The Court concludes that Plaintiff has not alleged sufficient facts establishing that the statements identified above formed the "basis of the bargain."  Therefore, the Court dismisses this claim as well.

//
//
//
//
//

---

[1] Defendant also argues that the statement is actually true. The Court makes no findings regarding the truthfulness of the statement.

## III.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss [Doc. 10] is **GRANTED IN PART** and **DENIED IN PART**.  The Court **DENIES** Defendant's motion as to Plaintiff's claims for failure to warn the public and non-warnings design defect claims, but **GRANTS** the motion as to Plaintiff's claims for failure to warn the EPA, negligent misrepresentation claim, and express warranty claim.  These claims are **DISMISSED** for failure to state a claim.  The Court grants Plaintiff leave to file an amended complaint which cures the deficiencies identified above.  The amended complaint must be filed within 20 days of the entry of this Order.

**IT IS SO ORDERED.**

Dated:  April 29, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court